JS-6 – O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2946 AHM (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | WILLIAM D. CHATMAN v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On May 6, 2008, Plaintiff William D. Chatman filed this suit against Defendant United States of America requesting damages resulting from the alleged misdiagnosis and mistreatment of a medical condition while he was incarcerated at the federal prison in Florence, Colorado. On February 23, 2009, this Court denied Defendant's motion for summary judgment. The case is currently scheduled for a pretrial conference on November 30, 2009 and trial on December 15, 2009. On October 15, 2009, Defendant filed a motion to dismiss for lack of prosecution. Plaintiff has filed no opposition. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, the motion to dismiss appears on its face to be meritorious. Accordingly, the Court GRANTS Defendants' motion to dismiss.[1]

Defendant offers evidence that Plaintiff has failed to comply with court orders or rules on at least four occasions. Plaintiff has failed to make his Rule 26 disclosures despite the fact that the Court admonished Plaintiff's counsel to do so at the January 5, 2009 scheduling conference. Hikida Decl. ¶ 2. Plaintiff failed to file a timely settlement conference statement with Magistrate Judge Eick, in accordance with Judge Eick's order, which resulted in Judge Eick cancelling the mandatory settlement conference scheduled for August 28, 2009. *Id.* ¶ 3, Exs. B & C. Plaintiff also failed to comply with this Court's January 5, 2009 Scheduling Order and Minute Order, which collectively required the parties to conduct a settlement conference with Judge Eick by August 31, 2009 and Plaintiff to notify this court of the outcome of said conference. Docket Nos. 10 & 11. In

---

[1] Docket No. 20.

**JS-6** – O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2946 AHM (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | WILLIAM D. CHATMAN v. UNITED STATES OF AMERICA | | |

addition, despite Defendant's counsel's requests, Plaintiff's counsel has failed to conduct the pretrial meeting of counsel required by Local Rule 16-2 and make the pretrial disclosures set forth in that rule. Hikida Decl. ¶ 4.

Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As the Ninth Circuit has stated,

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The Court has considered these five factors. Factors one, two, and three weigh in favor of granting the motion. *See Pagtalunan*, 291 F.3d at 642. Here, factor three weighs especially heavily toward dismissal, as Plaintiff has deprived Defendant of the chance to develop its case by failing to provide his Rule 26 disclosures and has deprived Defendant of a chance to negotiate a settlement by causing the settlement conference to be cancelled.

As to factor four, the Court could instead exclude all evidence related to the topics on which Plaintiff refused to provide Rule 26 disclosures or could allow the parties another chance to conduct a settlement conference, but these alternatives would not best serve the interests the Court must balance.

Factor five weighs against granting the motion.

/ / /

**JS-6** – O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2946 AHM (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | WILLIAM D. CHATMAN v. UNITED STATES OF AMERICA | | |

After balancing the factors—and considering that Plaintiff has failed to oppose this motion—the Court GRANTS Defendant's motion to dismiss.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                    :

Initials of Preparer          SMO

**JS-6**